IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                               :
LAFAYE GASKINS,                :        CIVIL ACTION
                               :
            Petitioner,        :
                               :
      v.                       :        NO. 06-1551
                               :
EDWARD KLEM, et al.,           :
                               :
            Respondents.       :
_____:

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, LaFaye Gaskins ("Petitioner"), pursuant to 28 U.S.C. section 2254.  Petitioner is currently incarcerated in the Mahanoy State Correctional Facility located in Frackville, Pennsylvania.  For the reasons that follow, it is recommended that the Petition should be denied without prejudice and dismissed without an evidentiary hearing.

On May 1, 1990, Petitioner was convicted in the Court of Common Pleas of Philadelphia County, Pennsylvania, by a jury before the Honorable Eugene H. Clarke, Jr., of first-degree murder, robbery, and possessing an instrument of crime ("PIC").  The court denied post-trial motions, and sentenced Petitioner on December 10, 1991 to life imprisonment for the murder conviction, and concurrent terms of five to ten years for robbery and one to five years for the PIC conviction.  Petitioner filed a direct

appeal to the Pennsylvania Superior Court, and that court affirmed the judgments of sentence on November 6, 1992.  See Resp., Ex. B; Commonwealth v. Gaskins, 620 A.2d 1223 (Pa. Super. 1992).  Petitioner did not appeal the dismissal to the Pennsylvania Supreme Court.

Petitioner filed a petition for post conviction relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa. C.S.A. § 9541, et seq.  Counsel was appointed and filed an amended petition on petitioner's behalf on November 30, 1994. Judge Clarke denied the petition as meritless on October 20, 1995.  Resp., Ex. E.  On April 8, 1997, the Superior Court affirmed the PCRA court's order.  Resp., Ex. F; Commonwealth v. Gaskins, 692 A.2d 224 (Pa. Super. 1997).  On July 3, 1997, the Supreme Court denied the petition for allowance of appeal as untimely.  Resp., Ex. G.

Petitioner filed a petition for writ of habeas corpus in this Court on August 21, 1997, which was assigned Civil Action number 97-5356.  The case was referred by the Honorable J. Curtis Joyner to Magistrate Judge Diane M. Welsh for preparation of a Report and Recommendation ("R&R").  On January 12, 1998, Judge Welsh recommended that the petition should be denied because all of Petitioner's claims concerned the quality of the representation he received from PCRA counsel, and as such, were not cognizable under the federal habeas statute.  Judge Joyner

2

adopted the R&R on January 30, 1998 via an Order.

Petitioner filed a second PCRA petition on April 29, 1998, which the PCRA court dismissed as untimely on May 21, 1998. The Superior Court affirmed the dismissal on June 16, 1999. Resp., Ex. L; Commonwealth v. Gaskins, 742 A.2d 203 (Pa. Super. 1999). The Pennsylvania Supreme Court denied allocatur on November 4, 1999. Resp., Ex. M; Commonwealth v. Gaskins, 747 A.2d 365 (Pa. 1999).

Petitioner filed an application in the United States Court of Appeals for the Third Circuit on January 5, 2000, seeking permission to file a second or successive petition in this Court pursuant to 28 U.S.C. section 2244. Resp., Ex. N. In an order dated January 13, 2000, the Third Circuit denied the application. Resp., Ex. O.

On March 28, 2000, Petitioner filed a third PCRA petition, which the PCRA court dismissed as untimely on July 31, 2002. Resp., Ex. P. Petitioner appealed, and the Superior Court affirmed the dismissal on September 10, 2003. Resp., Ex. Q; Commonwealth v. Gaskins, No. 2367 EDA 2002 (Pa. Super. Sept. 23, 2002). Petitioner filed a petition for allowance of appeal on December 11, 2003, but the petition was discontinued on June 4, 2004. Resp., Ex. R; Commonwealth v. Gaskins, No. 674 EAL 2003.

Petitioner filed a fourth PCRA petition on May 27, 2004, which was dismissed as untimely on October 21, 2004, after

notice of the court's intention to dismiss without a hearing.

On May 27, 2004, Petitioner filed a fourth PCRA petition.  On October 21, 2004, after giving Petitioner notice of the court's intention to dismiss the petition, Judge Clarke formally dismissed the petition as untimely.  Resp., Ex. S. Petitioner filed an appeal, and the Superior Court affirmed the dismissal on October 17, 2005.  Resp., Ex. T; Commonwealth v. Gaskins, 2817 EDA 2004 (Pa. Super. Oct. 17, 2005).  Petitioner filed a petition for reargument with the Superior Court, which was denied on January 25, 2006.  Resp., Ex. U.

Petitioner signed the instant Petition on April 6, 2006, and it was docketed by the Clerk of Courts on April 12, 2006.  This Petition was also assigned to Judge Joyner, who referred it to this Court for preparation of a R&R on April 20, 2006.  Petitioner claims that he is actually innocent and attaches two affidavits to the Petition that he claims constitute newly discovered evidence.  Barry Ward, Petitioner's uncle, executed the first affidavit, and claims therein that Commonwealth witness, Gloria Pittman, told him that the prosecution had paid her for her testimony at Petitioner's trial. Pet., Ex. A.  The second affidavit is executed by Gwendolyn Hampton, Petitioner's girlfriend at the time of the murder, who is also the aunt of Junie, Petitioner's co-defendant.  Id., Ex. B, p. 1.  In Ms. Hampton's affidavit, she states that Petitioner

4

was in her presence "with[o]ut inter[r]uption" and "with[i]n hearing and[/]or visual contact . . . both day and night" between February 5 and 13, 1989.  Id.  Ms. Hampton also claims not to have known that Petitioner was in jail for "several years," but the affidavit does not state when Ms. Hampton learned this information.  Id. at 2.

        Petitioner presented these affidavits in support of his fourth PCRA petition, but the Superior Court held that they did not constitute after discovered evidence to overcome the timebar for the PCRA filing deadline.  Rather, the Superior Court held that Petitioner failed to demonstrate when and how he obtained Mr. Ward's affidavit, and also why it was not possible to obtain the affidavit earlier.  Resp., Ex. T, p. 6.  The court also opined that Petitioner was aware of Ms. Hampton's existence at the time of his trial, therefore this could not be considered newly discovered evidence.  Id. at 7.  Respondents contend that this Petition should be denied without prejudice because it is a second or successive petition and Petitioner has neither sought nor obtained the necessary permission from the Third Circuit to file this Petition.

        This is Petitioner's second habeas petition.  His first petition was denied on January 30, 1998.  Because Petitioner has not moved in the Court of Appeals for an order permitting this Court to consider this Petition, this Court lacks jurisdiction to

consider the instant Petition.  <u>Gonzales v. Crosby</u>, 125 S.Ct. 2641, 2646 (2005)("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions").

Therefore, I make the following:

<u>**RECOMMENDATION**</u>

AND NOW, this 22nd day of June, 2006, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED without prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

BY THE COURT:


<u>/s/ Arnold C. Rapoport</u>
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE